76 F.3d 386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kanangila Wa KANANGILA, a/k/a Eric Kanangila, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70575.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1996.
Decided Feb. 1, 1996.
 
 Before: ALDISERT,* SCHROEDER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric Kanangila Wa Kanangila, a native and citizen of Zaire, petitions for review of a Board of Immigrations Appeals' order that dismisses his appeal from a decision by an immigration judge denying his request for asylum under 8 U.S.C. § 1158(a) and for withholding of deportation under 8 U.S.C. § 1253(h). We deny the petition for review.
 
 I.
 
 3
 Petitioner entered the United States in 1988 as a non-immigrant student with permission to remain for the duration of his student status. He failed to attend the university to which he was admitted and was placed in deportation proceedings in May 1990. Petitioner conceded deportability but requested asylum.[1] In February 1991 the immigration judge denied Petitioner's request for asylum and withholding of deportation, and Petitioner appealed to the Board of Immigration Appeals. In June 1994 the Board dismissed the appeal, finding that Petitioner had not demonstrated a fear of persecution that was subjectively genuine and objectively well-founded.
 
 
 4
 Petitioner believes that, were he to return to Zaire, he would be viewed with suspicion and possibly persecuted by the government because (1) he has remained abroad for a long time, (2) he has not studied as planned, (3) he is a member of a tribe that has traditionally been at odds with the tribe of which Zaire's current president is a member, (4) his father is sympathetic to an opponent of the government, and (5) he was politically active as a university student in Zaire.
 
 
 5
 The Board of Immigration Appeals had jurisdiction to review the immigration judge's decision under 8 C.F.R. 3.1(b)(2) and 242.21. We have jurisdiction under 8 U.S.C. § 1105a(a). The petition was timely filed under 8 U.S.C. § 1105(a)(1).
 
 II.
 
 6
 The major question for decision is whether substantial evidence supports the Board of Immigration Appeals' conclusions that (1) Petitioner lacked a subjectively genuine fear of returning to Zaire, and (2) Petitioner's fear of persecution, even if subjectively genuine, was not objectively reasonable. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993).
 
 
 7
 We apply the "substantial evidence" standard in reviewing a factual determination that an alien is statutorily ineligible for asylum. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). This standard requires only "that the BIA's conclusion, based on the evidence presented, be substantially reasonable." De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990). Moreover, this is a deferential standard: "we may not reverse the BIA simply because we disagree with its evaluation of the facts...." Id. at 790 (quoting Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir.1986)). Indeed, we have held that under the substantial evidence standard, we will reverse "only if the evidence presented to the Board was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992) (citing Elias-Zacarias, 502 U.S. at 481).
 
 
 8
 The Board of Immigration Appeals found that Petitioner has not offered substantial evidence that he feared persecution at the time of his departure because (1) Petitioner did not flee from Zaire to the United States out of fear, but rather to get a better education, and (2) political conditions in Zaire have remained essentially unchanged since Petitioner left.
 
 
 9
 Further, the Board found that Petitioner's fear was not objectively reasonable because (1) there was no evidence that Petitioner was considered a significant enemy of the government when he departed Zaire, (2) his father, an opponent of the government, had not been persecuted for two decades, and had prospered, and (3) Petitioner had testified that, if deported, he would likely join his father's business.
 
 
 10
 We are persuaded that the Board's findings are supported by substantial evidence. Because Petitioner has not met the lower burden of proof for asylum (a well-founded fear of persecution), he cannot meet the higher burden of proof required for withholding of deportation (a showing of a clear probability of persecution). Accordingly, we deny the petition for review.
 
 III.
 
 11
 We have considered all arguments advanced by the parties and conclude that no further discussion is necessary.
 
 
 12
 PETITION DENIED.
 
 
 
 *
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Pursuant to 8 C.F.R. 208.3(b), an application for asylum made during deportation proceedings is also considered to be a request for withholding of deportation under 8 U.S.C. § 1253(h)